(June 6, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRYAN RIVERA, Appellant. [742 NYS2d 824] —Judgment, Supreme Court, New York County (Mary Davis, J.), rendered November 18, 1998, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Despite the fact that the prosecution had affirmatively stated

at the pretrial *Sandoval* hearing that there were no prior bad acts by defendant about which it intended to inquire at trial, after the defense presented defendant's neighbor who testified that defendant is nonviolent and enjoys a reputation for peacefulness in the community, it was proper for the prosecution to ask the witness, on cross-examination, whether she had heard of an incident in which defendant punched a security guard in the face. Where the witness's statement was at odds with evidence of the prior assault, "the jury was entitled to know about evidence that could cast doubt on the [witness's] conclusion" (*People v Fardan*, 82 NY2d 638, 646). The trial court without further objection then properly instructed the jury that the statement about the assault was to be used only in evaluating the witness's credibility and "not for any other purpose" (*see, id.* at 646-647).

The court properly precluded cross-examination of a prosecution witness about an altercation that allegedly occurred between the witness and defendant's girlfriend after the witness had already given his version of the events to the police and defendant had been arrested, since this evidence was not probative of any bias on the part of the witness that would have led him to accuse defendant of the crime (*see, People v Thomas*, 46 NY2d 100, 105-106, *appeal dismissed* 444 US 891; *compare, People v Shairzai*, 215 AD2d 259, *lv denied* 86 NY2d 802). Accordingly, there was no impairment of defendant's rights to confront witnesses and present a defense.

We find no basis for a reduction of sentence. Concur— Williams, P.J., Tom, Mazzarelli, Andrias and Friedman, JJ.